Hietala v. Dept. of Labor
Decided Feb. 24, 1998
(NOT TO BE CITED AS AUTHORITY)

No. 97-589

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 39N

LEE HIETALA,

Petitioner and Appellant,

v.

MONTANA STATE DEPARTMENT OF
LABOR AND INDUSTRY and STATE
COMPENSATION INSURANCE FUND,

Respondents and Respondents.

APPEAL FROM:   District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allen McAlear, Attorney at Law, Bozeman, Montana

For Respondents:

Kevin Braun, Legal Bureau, Department of Labor &

Industry, Helena, Montana

Charles G. Adams, Legal Counsel, State Compensation

Insurance Fund, Helena, Montana

Submitted on Briefs: February 5, 1998

Decided:   February 24, 1998

Justice W. William Leaphart delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Appellant Lee Hietala (Hietala) appeals from the order of the Eighteenth Judicial District Court, Gallatin County, affirming the decision of the Board of Labor Appeals (the Board).  We affirm.

¶3   We restate the issues on appeal as follows:

¶4   1. Did the District Court err in finding no credible evidence of fraud and, thus, in confining its review to the record?

¶5   2. Did the District Court err in holding that the Board's findings were supported by  substantial evidence and that its interpretations of law were correct?

Factual and Procedural Background

¶6 Hietala worked as a field auditor for the State Compensation Insurance Fund (State Fund) from 1979 until he was terminated on May 12, 1995. In 1994, the State Fund employed a new vice president of audit and loss prevention, Azmi Salaymeh (Salaymeh), and began using premium audits, which are less thorough than the forensic audits that it had previously used. Consequently, Hietala was expected to increase his production from about 10 forensic audits per month to 25-40 premium audits per month. Beginning in October 1994, Salaymeh received reports that Hietala had failed to submit proper paperwork and sufficient information on audits. Hietala was advised that he needed to follow proper procedures and was warned several times that his failure to do so would result in disciplinary action.

¶7 Subsequently, Hietala submitted two conflicting time sheets for the same pay period, one reflecting 30.4 hours of unapproved overtime and the other reflecting no overtime. Hietala was suspended without pay for one week for failing to follow procedures, falsifying a time sheet, and working overtime without the required prior approval. Upon returning to work, Hietala continued to submit inaccurate and incomplete audits, and Salaymeh informed him by letter of the alleged errors. Hietala was terminated on May 12, 1995.

¶8 On July 13, 1995, Hietala filed a claim for unemployment benefits with the Benefits Bureau of the Unemployment Insurance Division of the Montana Department of Labor and Industry (the Department). A deputy of the Department found that Hietala had been discharged for misconduct and that he was not eligible to receive benefits. Hietala appealed, and the appeals referee found that the State Fund discharged Hietala "for failure to follow instructions and procedures and for not verifying the accuracy of his reports and calculations." Hietala appealed to the Board, which adopted the findings of fact and affirmed the decision of the appeals referee.

¶9 On January 10, 1996, Hietala appealed to the District Court,

arguing that the appeals referee ignored uncontroverted evidence and that the Board erred in failing to make its own findings of fact. Subsequently, Hietala joined the State Fund as a party and filed a supplemental petition alleging that he was discharged as part of the State Fund's fraudulent scheme to privatize its audit system. The District Court, after reviewing the record and hearing argument, found no credible evidence of fraud and held that the Board's findings were supported by substantial evidence. Hietala appeals from this decision.

## Discussion

¶10  1. Did the District Court err in finding no credible evidence of fraud and, thus, in  confining its review to the record?

¶11  Under Sec. 39-51-2410(5), MCA, the Board's findings of fact, "if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law."  Hietala alleges generally that the State Fund was involved in a fraudulent scheme to privatize the audit unit by firing its employees and that, therefore, the District Court erred in limiting its review to the facts on the record.  Hietala argues that, in the context of Sec. 39-51-2410(5), MCA, he is not required to prove the nine elements that normally establish proof of fraud. See Bartlett v. Allstate Ins. Co. (1996), 280 Mont. 63, 929 P.2d 227.  Therefore, in support of his allegation of fraud, Hietala simply lists six examples of "concealment" that he alleges to have occurred in this case.  Heitala does not point to any evidence in the record to support these allegations.  We agree with the District Court that the record contains no credible evidence of fraud.  Thus, we hold that the District Court correctly limited its review to whether the Board's findings of fact were supported by substantial evidence and whether its conclusions of law were correct.  See Sec. 39-51-2410(5), MCA.

¶12  2. Did the District Court err in holding that the Board's findings were supported by  substantial evidence and that its

interpretations of law were correct?

¶13 The standard of review employed by a district court and this Court is whether the Board's findings are supported by substantial evidence and whether its conclusions of law are correct. Decker Coal Co. v. State Employment Security Div. (1983), 205 Mont. 1, 6, 667 P.2d 923, 926; Sec. 39-51-2410(5), MCA. Substantial evidence is "something more than a scintilla of evidence, but may be less than a preponderance of the evidence." Gypsy Highview Gathering System, Inc. v. Stokes (1986), 221 Mont. 11, 15, 716 P.2d 620, 623 (quoted in Johnson v. Montana Dept. of Labor and Industry (1989), 240 Mont. 288, 291, 783 P.2d 1355, 1357). Board findings that are supported by substantial evidence are conclusive and binding on a district court and this Court. Gypsy Highview, 716 P.2d at 623.

¶14 A person may not receive unemployment insurance benefits if he or she is discharged "for misconduct connected with the individual's work or affecting the individual's employment . . . ." Section 39-51-2303(1), MCA. Misconduct includes "carelessness or negligence of such degree or recurrence to show an intentional or substantial disregard of the employer's interest." Rule 24.11.460(1)(d), ARM. The Board, adopting the findings of the appeals referee, found that Hietala's failure to follow instructions, to meet deadlines, to use certain forms, and to provide accurate information was misconduct. We determine that the record contains substantial credible evidence to support the Board's findings.

¶15 The evidence shows that Hietala failed to submit proper paperwork and sufficient information on audits. He continually missed deadlines and made mistakes on his audits. Hietala received several written and oral warnings that the deficiencies in his performance were serious and that his continued failure to follow proper procedures would result in disciplinary action.

¶16 Hietala was suspended without pay for one week for failing to

follow procedures, falsifying a time sheet, and working overtime without the required prior approval.  Following his reinstatement, Hietala continued to submit inaccurate and incomplete audits.  In his brief to this Court, Hietala argues that the Board erred in finding that he submitted a time sheet claiming more overtime than he worked because the time sheets are not part of the record.  However, uncontroverted witness testimony established that Hietala had submitted two inconsistent time sheets for the same pay period, and the appeals referee simply used this and other evidence to support his finding that Hietala failed to keep accurate records.  We determine that the record contains substantial evidence to support a finding that the State Fund discharged Hietala for misconduct.

¶17  Based on the foregoing, we affirm the decision of the District Court.

/S/  W. WILLIAM LEAPHART

We concur:
/S/  J. A.  TURNAGE
/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER